IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03064-RM-NRN

STEVEN NORTHINGTON,

Plaintiff,

v.

AIMEE TUTTOILMONDO, in her official capacity as Unit Manager at Florence ADMAX,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Dkt. #15)**

---

**N. REID NEUREITER
United States Magistrate Judge**

Now before the Court is Defendant Aimee Tuttoilmondo's Motion to Dismiss (Dkt. #15), referred by Judge Raymond P. Moore on March 17, 2022. (Dkt. #19.) Plaintiff Steven Northington, who proceeds pro se, responded (Dkt. #25) and Defendant replied. (Dkt. #26.)

The Court has carefully considered the motion, taken judicial notice of the Court's file, and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed, the Court **RECOMMENDS** that the Motion to Dismiss (Dkt. #15) be **GRANTED**.

## BACKGROUND[1]

The following allegations are taken from Mr. Northington's Complaint (Dkt. #1) and nonconclusory allegations are presumed true for the purposes of the pending motion to dismiss.[2]

Mr. Northington is incarcerated at the United States Penitentiary ("USP") in Coleman, Florida. Amy Tuttoilmondo ("Ms. Tuttoilmondo" or "Defendant") is a unit manager at USP Florence in Florence, Colorado. Mr. Northington contends that Ms. Tuttoilmondo violated his Fifth and Fourteenth by not allowing him to correspond with Kaboni Savage, an inmate housed at USP Florence, under 28 C.F.R. § 540.15.[3] (*Id.*) Mr. Northington believes that he should be allowed to correspond with Mr. Savage because they are both parties in Mr. Northington's criminal appeal. (*Id.*). He brings a 42

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Mr. Cruz proceeds pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[3] After reviewing Mr. Northington's complaint the Court understands 28 C.F.R. § 540.17 to be the proper regulation. (Dkt. # 1 at 4.)

U.S.C. § 1983 claim against Ms. Tuttoilmondo in her official capacity, seeking damages and injunctive relief. (*Id.* at 4–6.)

Defendant has moved to dismiss Mr. Northington's Complaint, arguing that the Court lacks subject matter jurisdiction over his § 1983 claim because it is barred by sovereign immunity and, even if the Court has subject matter jurisdiction, Mr. Northington has failed to state a claim for violation of his constitutional rights.

From the outset, it is worth noting that the regulation Mr. Northington references and claims Defendant violated is permissive: "An inmate *may* be permitted to correspond with an inmate confined in any other penal or correctional institution if the other inmate . . . is a party or witness in a legal action in which both inmates are involved." 28 C.F.R. § 540.17 (emphasis added). And, for context, Defendant's refusal to allow Mr. Northington to correspond with Mr. Savage was "due to security concerns" (Dkt. #1-2 at 8) and because "the nature of the relationship between [him] and [his] cod-defendant [*sic*]." (*See* Dkt. #1-2 at 11.)[4] Defendant's motion to dismiss sheds more light on the circumstances by citing to decisions from the courts handling Mr. Northington and Mr. Savage's criminal cases.[5] Specifically, it appears Mr. Northington

---

[4] A court may consider documents to which the complaint refers without converting the motion to dismiss into a motion for summary judgment if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002).

[5] A court may take judicial notice of "documents and docket materials filed in other courts." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014); *see also Talmadge v. Marner*, No. 21-cv-01829-STV, 2022 WL 1591600, at *4 n. 4 (D. Colo. May 19, 2022) ("In deciding a motion to dismiss, the Court may 'take judicial notice of its own files and records, as well as facts which are a matter of public record, including criminal convictions." (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)).

seeks to communicate with Mr. Savage about an appeal in a criminal case where they were collectively charged with and convicted of "a dozen of counts of murder in aid of racketeering, among other serious offenses." *United States v. Savage*, 970 F.3d 217, 232 (3rd Cir. 2020); *see also United States v. Northington,* No. 07-550-05, 2014 WL 1789151, at *4 (E.D. Pa. May 6, 2014). While Mr. Savage was already incarcerated, Mr. Northington and Mr. Savage coordinated the murder of Tybius Flowers, the prosecution's main witness in a case against Mr. Savage. *Savage,* 970 F.3d at 234. Mr. Northington and Mr. Savage were ultimately convicted of murdering Mr. Flowers. *Northington*, 2014 WL 1789151, at *4. Mr. Northington apparently told a fellow prisoner that he had killed Mr. Flowers and "sent him to rat heaven." *Savage*, 970 F.3d at 234.

## LEGAL STANDARDS

### I.     Lack of Subject Matter Jurisdiction

The Federal Rules of Civil Procedure instruct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. 12(h)(3); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction," so the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Pursuant to Rule 12(b)(1), a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack, the court takes the allegations in the complaint as true; for a factual attack, the court may not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995)).

II. **Failure to State a Claim Upon Which Relief Can be Granted**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. So long as the plaintiff pleads sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## ANALYSIS

### I. Lack of Subject Matter Jurisdiction

Defendant argues that, to the extent Mr. Northington's claim is premised on § 1983, sovereign immunity bars such claims against her in her official capacity. This is a facial attack on the Court's subject matter jurisdiction, so the Court assumes the truth of the allegations. *Rural Water Dist. No. 2*, 698 F.3d at 1272 n.1 (citations omitted).

"It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). "[The] plaintiff seeking to invoke the jurisdiction of the federal courts bear the burden of identifying an applicable statutory waiver of sovereign immunity when challenged to do so." *Bork v. Carroll*, 449 F. App'x 719, 721 (10th Cir. 2011) (citing *Mascus*, 170 F.3d at 1309). Absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction. *Harrell v. U.S.*, 443 F.3d 1231, 1234 (10th Cir. 2006).

Mr. Northington sues Defendant in her official capacity. Thus, his suit operates as a suit against the Bureau of Prisons ("BOP"), the federal agency for whom Defendant works. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "an official capacity suit is . . . to be treated as a suit against the entity" and "is not a suit against the individual personally"). The United States has not waived its immunity to be sued in federal court under § 1983. *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012). This is because § 1983 "applies only to actions by state and local entities, not by the federal government." *Dry v. U.S.*, 235 F.3d 1249, 1254 (10th Cir. 2000). Indeed, § 1983 provides, in relevant part:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(emphasis added).

Mr. Northington contends that this Court has subject matter jurisdiction because Ms. Tuttoilmondo was acting under "color of law." (Dkt. #25 at 2). This is incorrect. As expressly provided in § 1983, a defendant must be acting under color of *state* law. *See Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (Section 1983 "does not apply to federal officers acting under color of federal law"). Absent any demonstration of waiver, Mr. Northington's claim, to the extent it is asserted under § 1983, is barred by sovereign immunity and this Court lacks subject matter jurisdiction over such claim.

## II.     Failure to State a Claim

That the Court lacks subject matter jurisdiction over a § 1983 claim does not end the inquiry. Broadly construed, the Court finds that Mr. Northington's Complaint also alleges that Defendant violated his due process rights under the Fifth and Fourteenth Amendments. (Dkt. #1 at 4.)[6] These claims are asserted under the Constitution rather

---

[6] The Court does not construe Mr. Northington's Complaint as asserting claims pursuant to the First Amendment. However, even if Mr. Northington had brought a First Amendment claim, such claim would fail because he has not plausibly alleged facts showing that the BOP lacked a legitimate penological interest in restricting his correspondence with Mr. Savage, an inmate with whom Mr. Northington had previously coordinated a murder. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (A restriction on inmate-to-inmate correspondence is valid so long as "it is reasonably related to legitimate penological interests."); *see also Stine v. Collins*, 280 F. App'x 761, 761 (10th Cir. 2008) ("[T]here is no heightened protection for legal communication between inmates.").

7

than § 1983. And, to the extent Mr. Northington seeks injunctive relief, such claims are not barred by sovereign immunity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005).[7]

Defendant argues that, even if Mr. Northington claims are not premised on § 1983, Mr. Northington fails to plausibly allege a violation of the Fifth or Fourteenth Amendments. For the reasons set forth below, the Court agrees.

### A. Fifth Amendment Claim

"To advance a due process claim under the Fifth Amendment, Plaintiff's complaint must establish three elements: (1) a liberty or property interest; (2) a deprivation under color of law; and (3) lack of due process." *See Small v.* Astrue, No. 08-cv-01864-LTB-KLM, 2009 WL 2134345, at *8 (D. Colo. July 14, 2009). For inmate correspondence, due process requires minimum procedural safeguards when censoring or withholding delivery of a particular letter. *See Procunier v. Martlnez*, 416 U.S. 396, 417 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 403 (1989). The minimum procedural safeguards are that (1) an inmate be notified of the rejection of a letter written or addressed to them, (2) that the author of that letter be given a reasonable opportunity to protest that decision, and (3) that the complaint be

---

[7] To the extent Mr. Northington seeks monetary relief against Defendant in her official capacity, such claim is barred by sovereign immunity. The United States has not expressly waived sovereign immunity on constitutional claims for monetary relief against federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994) (explaining that absent an express waiver of sovereign immunity, sovereign immunity bars a claim for damages against a federal agency).; see also *Yang v. Mayorkas*, No. 20-CV-01806-RM-KMT, 2021 WL 1200682, at *5 (D. Colo. Feb. 25, 2021) ("Because the United States has not waived sovereign immunity in this case, Plaintiff's official capacity claims for monetary relief against Defendants are, in fact, barred by sovereign immunity."), *report and recommendation adopted sub nom. Hongwei Yang v. Mayorkas*, No. 20-CV-01806-RM-KMT, 2021 WL 1192965 (D. Colo. Mar. 30, 2021).

referred to a prison official other than the person who originally disapproved the correspondence. *Id.* at 418.

Defendant argues that Mr. Northington fails to provide facts showing that he was denied due process. In fact, the allegations in the Complaint and the attached exhibits demonstrate that the BOP did provide Mr. Northington with the basic procedural safeguards. Mr. Northington was notified of Defendant's decision to prohibit his correspondence with Mr. Savage. (*See* Dkt. #1-2 at 5.) And, though the Court need not make findings concerning the substantive propriety of Defendant's refusal to permit Mr. Northington's correspondence, it appears Defendant has legitimate concerns about allowing Mr. Savage and Mr. Northington to correspond given that Mr. Savage and Mr. Northington conspired to murder a witness in a case against Mr. Savage, all while Mr. Savage was incarcerated. Further, Mr. Northington was given a reasonable opportunity to protest the decision, as evidenced by his grievances to requests for administrative remedies that he submitted to the Court. (*Id.* at 4–17.) Lastly, the administrative remedies illustrate that the review was performed by someone other than Defendant. (*See id.* at 7, 8, 11 (indicating that reviews of Mr. Northington's grievances were addressed by at least three different individuals at various levels of appeal).) Because Mr. Northington's allegations demonstrate that the procedural safeguards were provided, he has failed to state a plausible Fifth Amendment Claim.

**B.    Fourteenth Amendment Claim**

Finally, Mr. Northington's Fourteenth Amendment claim fails because the Fourteenth Amendment does not apply to the federal government. *See Dry*, 235 F.3d at

1255 (the Fourteenth Amendment is "applicable only to actions by state and local entities, not by the federal government").

## CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that the Motion to Dismiss (Dkt. #15) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), **and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

BY THE COURT:

Date:  October 24, 2022
       Denver, Colorado

_____
N. Reid Neureiter
United States Magistrate Judge